UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:  08-14128-CIV-MARTINEZ-LYNCH**

MARY HAIR, as Putative Personal
Representative for the Estate of SAMUEL
HAIR, deceased,

      Plaintiff,

vs.

LAWNWOOD MEDICAL CENTER, INC., a
Tennessee Corporation d/b/a LAWNWOOD
REGIONAL MEDICAL CENTER AND
HEART INSTITUTE, THE CITY OF FORT
PERCE, TAMMY ROANE, DWIGHT
TOOMBS, EDWARD MINTON and MARIO
GONZALES,

      Defendants.

_____/

## ORDER DENYING DEFENDANT TAMMY ROANE'S MOTION TO DISMISS COUNTS ONE AND NINE OF PLAINTIFF'S COMPLAINT

This CAUSE came before the Court upon Defendant Tammy Roane's Motion to Dismiss

Counts One and Nine of Plaintiff's Complaint and Incorporated Memorandum of Law **(D.E. No.**

**25)**, which was filed on May 5, 2008.  The Plaintiff has filed a response in opposition to the

Motion (D.E. No. 38), however, the Defendant declined to file a reply brief in support of her

Motion.  After carefully considering the Motion, Plaintiff's response, and the Complaint, the Court

finds that the Motion to Dismiss should be denied.  To place Counts One and Nine in context, the

Court briefly summarizes the Complaint against Defendant Roane below.

The Plaintiff is suing as the personal representative for the estate of her deceased father,

Samuel Hair, who died of cardiac arrest while seeking a preliminary evaluation for voluntary

commitment to a mental health facility.  The Plaintiff alleges that her father died after he was

stunned with a taser two times by Edward Minton, a security officer for Lawnwood Hospital,

who was moonlighting from a job with the City of Fort Pierce Police Department.  The Plaintiff

alleges further that Minton's co-workers, Tammy Roane and Dwight Toombs, who also

moonlighted from other law enforcement jobs, simply stood by and watched as Minton fired his

taser at Samuel Hair.  Moreover, the Plaintiff alleges that all three officers failed to summon

medical assistance after Samuel Hair collapsed.

As Rule 8(d)(2) of the Federal Rules of Civil Procedure allows, the Plaintiff asserts two or

more alternative statements of claims against Defendant Roane.  In Counts One and Nine of the

Complaint, the Plaintiff argues that Defendant Roane was working as a security officer of

Lawnwood Hospital on the evening that this incident occurred, although she worked for the

Florida Department of Law Enforcement ("FDLE") at other times.  Count One asserts that

Defendant Roane is liable for negligently failing to intervene and summon medical assistance.

Additionally, Count One asserts that Defendant Roane's employer, Lawnwood Hospital, is also

liable for her actions pursuant to the doctrine of *respondeat superior*.  Count Nine asserts that

Defendant Roane alone is personally liable for her negligent actions.  Alternatively, in Counts

Four and Five, the Plaintiff argues that Defendant Roane violated Samuel Hair's civil rights while

acting under color of state law as an employee of the FDLE.  More specifically, the Plaintiff

asserts that Defendant Roane failed to protect Samuel Hair from the use of excessive force and

displayed deliberate indifference to his need for medical assistance after he had been forcibly

subdued. (Counts Four and Five, respectively).

Defendant Roane argues that Counts One and Nine of the Plaintiff's Complaint should be

dismissed because she cannot be held personally liable for any negligent acts that she may have

committed while acting in the scope of her employment for a state agency such as the FDLE.

(D.E. No. 25 at 2).  She cites to section 768.28(9)(a), Florida Statutes, which provides that

> No officer, employee or agent of the state . . . shall be held personally liable in tort or named as a party defendant for any injury or damages suffered as a result of any act . . . in the scope of her or his employment or function, unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property . . . .the exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions shall be by action against the governmental entity. . .

 Fla. Stat. § 768.28(9)(a) (2007).  Thus, Defendant Roane argues that the Plaintiff must name the

FDLE as a Defendant, if she wishes to pursue a negligence claim based upon Defendant Roane's

actions.  Additionally, Defendant Roane asserts that Florida law does not recognize a cause of

action for negligent use of excessive force.  (D.E. No. 25 at 3).  In view of these deficiencies,

Defendant Roane moves the Court to dismiss the claims against her in Counts One and Nine of

the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In reviewing a motion to dismiss, the Court must "accept all the factual allegations in the

complaint as true and . . . evaluate all inferences derived from those facts in the light most

favorable to the plaintiff." *Scheirich v. Town of Hillsboro Beach*, No. 07-61630-CIV, 2008 U.S.

Dist. LEXIS 4090, at *6 (S.D. Fla., Jan. 18, 2008).  Notice pleading under Federal Rule of Civil

Procedure 8(a)(2) requires only that the pleadings provide a "short and plain statement of the

claim" sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v.

Gibson*, 355 U.S. 41, 47 (1957)).  "If the facts alleged in the complaint would allow recovery

under any possible theory regardless of whether they would allow recovery under the particular

theory pleaded, the motion must be denied." *Johnson v. Crosby*, No. 5:06cv92-RS-MD ,2006

U.S. Dist. LEXIS 74213, at *8 (N.D. Fla. Oct. 12, 2006).

After examining the Complaint, the Court finds that Defendant Roane's Motion to Dismiss mischaracterizes the Plaintiff's claims. Count One states a cause of action for negligent wrongful death against all the Defendants pursuant to Florida's Wrongful Death Act, section 768.16, Florida Statutes. This statute authorizes an action when death is caused by either a "wrongful act" or "negligence." *Johnson v. Crosby*, No. 5:06cv92-RS-MD, 2006 U.S. Dist. LEXIS 74213, at * 37 (N.D. Fla., Oct. 12, 2006)(citing FLA. STAT. § 768.19). Count One alleges that Defendant Roane Lawnwood should be held personally liable for Samuel Hair's wrongful death, and in the alternative, that Defendant Roane's employer, Lawnwood Hospital, should be held liable under the doctrine of *respondeat superior*. (D.E. No. -2 at 9, ¶ 63). Count One describes Defendant Roane's negligent acts as the failure to intervene and failure to summon medical assistance. (*Id*. at 9, ¶ 59). Nowhere in Count One does the Plaintiff allege that Defendant Roane negligently used excessive force or that she was acting as an employee of a state agency.

Nor does Count Nine contain any allegations that Defendant Roane negligently used excessive force or acted as an officer of a state agency. Count Nine states a cause of action for common law negligence against Defendant Roane as an agent of Lawnwood Hospital. (*Id*. at 19, ¶¶ 120-121). More specifically, the Plaintiff asserts that Defendant Roane breached her duty to keep Samuel Hair safe from harm while he was on the confines of Lawnwood Hospital, by failing to intervene when he was being stunned with a taser and by failing to summon medical assistance after he collapsed. (*Id*. at 19, ¶ 122). Thus, section 768.29(9)(a), Florida Statutes isn't applicable where the cause of action does not allege that the tortfeasor was acting within the scope of his/her employment for a state agency when he/she committed the negligent act that resulted in an injury to another.

-4-

Furthermore, as the Court noted above, Federal Rule of Civil Procedure 8(d)(2) allows the Plaintiff to set out two or more statements of a claim"alternatively or hypothetically, either in a single count . . . . or in separate ones,"  and provides that where a party makes alternative statements, "the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2). Rule 8(d)(3) also provides that a party may state as many separate claims or defenses as it has "regardless of consistency."  Fed. R. Civ. P. 8(d)(3).  Accordingly, the Court finds that the Plaintiff may properly assert alternative wrongful death claims in Count One against Defendant Roane individually and against her employer under the theory of *respondeat superior*, even though these may appear to be inconsistent.  She may also assert properly assert a separate claim for relief against Defendant Roane based upon common law negligence, as she does in Count Nine.  Likewise, the Court also finds that the Plaintiff may properly assert additional alternative claims for relief against Defendant Roane in her individual capacity as a state official pursuant to 42 U.S.C. § 1983.  *See* (D.E. No. 1-2, Counts Four and Five).  Neither Counts One or Nine are barred as a matter of law by section 768.28(9)(a), Florida Statutes and the Plaintiff has sufficiently pleaded these claims for the purposes of Rule 8 of the Federal Rules of Civil Procedure.  In light of the foregoing, it is hereby:

**ORDERED and ADJUDGED** that

Defendant Tammy Roane's Motion to Dismiss Counts One and Nine of Plaintiff's Complaint and Incorporated Memorandum of Law **(D.E. No. 25)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of July, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record