UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:  08-14128-CIV-MARTINEZ-LYNCH**

MARY HAIR, as Putative Personal
Representative for the Estate of SAMUEL
HAIR, deceased,

       Plaintiff,

vs.

LAWNWOOD MEDICAL CENTER, INC., a
Tennessee Corporation d/b/a LAWNWOOD
REGIONAL MEDICAL CENTER AND
HEART INSTITUTE, THE CITY OF FORT
PERCE, TAMMY ROANE, DWIGHT
TOOMBS, EDWARD MINTON and MARIO
GONZALES,

       Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF
FORT PIERCE'S MOTION TO DISMISS COUNT ONE AND GRANTING MOTION TO
STRIKE CLAIM FOR PUNITIVE DAMAGES**

      This CAUSE came before the Court upon Defendant City of Fort Pierce's ("City") Motion

to Dismiss Count One and Motion to Strike Claim for Punitive Damages **(D.E. No. 12)**, which

was filed on April 21, 2008.  The Plaintiff has filed a response in opposition to the Motion (D.E.

No. 27), however, the Defendant has declined to file a reply brief in support of its Motion.  After

carefully reviewing the Motion, the Plaintiff's response and the Complaint, the Court finds that the

Motion to Dismiss Count One should be granted in a part and denied in part, and the Motion to

Strike the Claim for Punitive Damages should be granted.  To place the claims against the City in

context, the Court briefly summarizes the Complaint against the City below.

      The Plaintiff brings this suit as the personal representative for the estate of her deceased

father, Samuel Hair, who died of cardiac arrest while seeking a preliminary evaluation for voluntary commitment to a mental health facility.  The Plaintiff alleges that her father died after he was stunned with a taser gun two times by Edward Minton, a security officer for Lawnwood Hospital, who also worked for the City of Fort Pierce Police Department.  The Plaintiff alleges further that Minton's co-workers, Tammy Roane, and Dwight Toombs, who also moonlighted from other law enforcement jobs, simply stood by and watched as Minton fired his taser at Samuel Hair.  Moreover, the Plaintiff alleges that all three of these security officers failed to summon medical assistance after Samuel Hair collapsed.

The Complaint sets forth two alternative arguments regarding the officers' employment status.  It states that the officers were acting as agents of Lawnwood Hospital, or alternatively, that officers Minton and Toombs were acting within the scope of their employment for the City of Fort Pierce Police Department and that officer Roane was acting within the scope of her employment for the Florida Department of Law Enforcement.

As Rule 8(d)(2) of the Federal Rules of Civil Procedure allows, the Plaintiff asserts two or more alternative statements of claims against the City.  Count One asserts a claim against all the Defendants, including the City, pursuant to Florida's Wrongful Death Act, section 768.16, Florida Statutes.  This statute authorizes an action when death is caused by either a "wrongful act" or "negligence."  *Johnson v. Crosby*, No. 5:06cv92-RS-MD, 2006 U.S. Dist. LEXIS 74213, at * 37 (N.D. Fla. Oct. 12, 2006) (citing FLA. STAT. § 768.19).  Count Twelve asserts a separate claim against the City for negligent training, hiring and retention of officers Minton and Toombs.  Both Counts One and Twelve request punitive damages against the City.

In both Counts One and Twelve of the Complaint, the Plaintiff argues that Defendants

Minton and Toombs were acting in their capacities as police officers for the City at the time this incident occurred.  However, as the Court noted above, the Plaintiff also presents the alternative claim that Defendants Minton and Toombs were moonlighting from their jobs at the City on the evening that the incident occurred and working as private security officers for Lawnwood Hospital.  Thus, Count I, which is pleaded as an action against all Defendants for damages pursuant to Florida's Wrongful Death Act, Section 768.16, Florida Statutes, actually asserts three alternative theories of recovery for the alleged negligent actions of officers Minton and Toombs.

More specifically, Count One asserts that Defendant Minton is personally liable for negligently firing his taser at Samuel Hair, who had informed Minton that he had a pacemaker, and for failing to summon medical assistance for Mr. Hair after he collapsed.  (D.E. No. 1-2 at 9, ¶¶ 58 and 60).  Likewise, Count One asserts that Defendant Toombs is personally negligent for failing to intervene while Samuel Hair was being stunned with a taser and for failing to get him medical attention after he collapsed.  (*Id*. at 9, ¶¶ 59-60).  However, in the alternative, Count One asserts that the City is vicariously liable for the negligent acts of both these officers because they were acting within the scope of their employment for the City at the time of the incident.  (*Id*. at 9, ¶ 62).  Count One also asserts an additional alternative claim regarding Minton and Toombs' actions, alleging that Lawnwood Hospital is vicariously liable for the officers' actions because they were acting within the scope of his employment with Lawnwood at the time.  (*Id*. at 9, ¶ 63).

The City argues that Count One should be dismissed because Florida law does not recognize a cause of action for negligent use of excessive force as allegations of excessive force necessarily involve an intentional tort.  (D.E. No. 12 at 2) (citing *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996)).  Additionally, the City argues that the *ad damnum* clause of

Count Twelve should be stricken because it seeks, *inter alia*, punitive damages, which section 768.25(5), Florida Statutes clearly disallows in tort actions against the state or its subdivisions. (*Id*.).

The Plaintiff concedes this latter point and agrees that its punitive damage request should be stricken. (D.E. No. 27 at 7).  However, the Plaintiff argues that City has mischaracterized Count One as a claim for negligent use of excessive force.  The Plaintiff maintains that she can assert a claim for negligence against the City in conjunction with a claim for excessive force against officers Minton and Toombs provided that the negligence concerns actions that are distinct from those exercised in the course of an arrest.  (*Id*. at 8) (citing *Sanders*, 672 So.2d at 48).

In reviewing a motion to dismiss, the Court must "accept all the factual allegations in the complaint as true and . . . evaluate all inferences derived from those facts in the light most favorable to the plaintiff."  *Scheirich v. Town of Hillsboro Beach*, No. 07-61630-CIV, 2008 U.S. Dist. LEXIS 4090, at *6 (S.D. Fla., Jan. 18, 2008).  Notice pleading under Federal Rule of Civil Procedure 8(a)(2) requires only that the pleadings provide a "short and plain statement of the claim" sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied." *Johnson v. Crosby*, No. 5:06cv92-RS-MD ,2006 U.S. Dist. LEXIS 74213, at *8 (N.D. Fla. Oct. 12, 2006).

After examining the Complaint, the Court finds that the City's Motion to Dismiss should

-4-

be granted in part and denied in part.  Count One states a cause of action for negligent wrongful death against all the Defendants.  Count One alleges that the City should be held liable for the negligent actions of its officers Minton and Toombs pursuant to the doctrine of *respondeat superior*.  Those negligent actions include the decision to use the taser on Hair repeatedly, failure to intervene, and failure to summon medical assistance.  Count One also argues, in the alternative, that these officers are personally liable for these negligent acts.

Clearly, this argument is inconsistent with the theory that the City could be vicariously liable for the officer's actions, unless the officers were acting in bad faith or with malicious purpose or in wanton and willful disregard of life, safety or property.  And, section § 768.28(9)(a), Florida Statutes provides that the "exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions shall be by action against the governmental entity. . . ."  Accordingly, to the extent that the Plaintiff seeks to assert a wrongful death claim based upon the negligent actions of two City police officers, it must pursue that claim against the City, not the individual officers, and make this fact clear by pleading the claim in a separate count.[1]

Because Federal Rule of Civil Procedure 8(d)(2) does allow the Plaintiff to set out two or more alternative statements of a claim, however, the Plaintiff can plead, as she has in Count One, that officers Minton and Toombs were acting within the scope of their employment for Lawnwood Hospital, a private employer, at the time that this incident occurred or that they were outside the scope of their employment for Lawnwood Hospital and were thus personally liable.

---

[1]Although Federal Rule of Civil Procedure 8(d)(2) allows the Plaintiff to set out two or more alternative or hypothetical statements of a claim in a single count, including a wrongful death claim against the City in the same count as a claim against Defendants Minton and Toombs is not tenable.

Although these arguments are inconsistent, Rule 8(d)(3) provides that a party may state as many separate claims or defenses as it has "regardless of consistency." Fed. R. Civ. P. 8(d)(3). Thus, to the extent that the Plaintiff names Minton and Toombs as employees of Lawnwood, she can assert a wrongful death claim against them as individuals or assert a claim against their employer within the same count.

Additionally, Florida law does allow a plaintiff to assert a negligence claim against a city's police officers/agents and a separate excessive force claim against the officers themselves where the negligence claim concerns something other than the actual application of force during the course of an arrest. *See Sanders*, 672 So.2d at 48; *see also Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1263-1264 (11th Cir. Fla. 2001) (finding that a negligence claim against two police officers who shot an individual while he was sitting in his car was distinct from a claim for excessive force where the negligence claim asserted that the officers acted negligently in using their firearms).

Examining Count One in light of this standard, the Court finds that the negligence claim against the City does indeed concern something other than the actual application of force during the course of arrest. Thus, Florida law does not bar the Plaintiff from asserting a wrongful death claim against the City based upon actions that its officers undertook while acting in the scope of their employment for the City.

The City's argument about the punitive damages request in Count Twelve, is well taken, however. Section 728.25 of the Florida Statutes does not authorize punitive damages in tort claims against the state or one of its subdivisions. As the Court has noted, the Plaintiff agrees that its request for punitive damages against the City should be stricken from Count Twelve.

-6-

However, the Court notes that the Plaintiff also requests punitive damages against the City in the *ad damnum* clause of Count One, and section 728.25 of the Florida Statutes would bar this request for punitive damages as well.  In light of the foregoing, it is:

**ORDERED and ADJUDGED** that

1.   Defendant City of Fort Pierce's Motion to Dismiss Count One and Motion to Strike Claim for Punitive Damages **(D.E. No. 12)** is **GRANTED in part** and **DENIED in part**.  It is GRANTED to the extent that the Defendant seeks to strike the *ad damnum* clauses in Counts One and Twelve of the Complaint, which request punitive damages against the City of Fort Pierce.  It is also GRANTED to the extent that the Plaintiff seeks to assert a negligence claim against City police officers/agents in their individual capacities and the City pursuant to section 768.16, Florida Statutes.  It is DENIED to the extent that the Defendant asks the Court to dismiss the Plaintiff's wrongful death claim against the City of Fort Pierce, without giving the Plaintiff leave to clarify the claim.

2.   The requests for punitive damages against the City of Fort Pierce, which appear in Counts One and Twelve of the Complaint, are hereby **STRICKEN**.

3.   The Plaintiff shall have leave to file an Amended Complaint by <u>July 16, 2008</u> that conforms with this Order.

4.   <u>Within 10 days of the date that the Plaintiff files an Amended Complaint</u>, the City shall file a response to the Amended Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of July, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record