UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  08-14128-CIV-MARTINEZ-LYNCH

MARY HAIR, as Putative Personal
Representative for the Estate of SAMUEL
HAIR, deceased,

    Plaintiff,

vs.

LAWNWOOD MEDICAL CENTER, INC., a
Tennessee Corporation d/b/a LAWNWOOD
REGIONAL MEDICAL CENTER AND
HEART INSTITUTE, THE CITY OF FORT
PERCE, TAMMY ROANE, DWIGHT
TOOMBS, EDWARD MINTON and MARIO
GONZALES,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT EDWARD MINTON'S MOTION TO DISMISS COUNTS ONE AND NINE OF PLAINTIFF'S COMPLAINT

This CAUSE came before the Court upon Defendant Edward Minton's Motion to Dismiss Counts One and Nine of Plaintiff's Complaint **(D.E. No. 13)**, which was filed on April 21, 2008. The Plaintiff has filed a response in opposition to the Motion (D.E. No. 27), however, the Defendant declined to file a reply brief in support of his Motion.  After carefully considering the Motion, Plaintiff's response, and the Complaint, the Court finds that the Motion to Dismiss should be denied.  To place Counts One and Nine in context, the Court briefly summarizes the Complaint against Defendant Minton below.

The Plaintiff is suing as the personal representative for the estate of her deceased father,

Samuel Hair, who died of cardiac arrest while seeking a preliminary evaluation for voluntary commitment to a mental health facility. The Plaintiff alleges that her father died after he was stunned with a taser two times by Edward Minton, a security officer for Lawnwood Hospital, who also worked for the City of Fort Pierce Police Department. The Plaintiff alleges further that Minton's co-workers, Tammy Roane, and Dwight Toombs, who also moonlighted from other law enforcement jobs, simply stood by and watched as Minton fired his taser at Samuel Hair. Moreover, the Plaintiff alleges that all three of these security officers failed to summon medical assistance after Samuel Hair collapsed.

The Complaint sets forth two alternative arguments regarding the officers' employment status. It states that the officers were acting as agents of Lawnwood Hospital, or alternatively, that officers Minton and Toombs were acting within the scope of their employment for the City of Fort Pierce Police Department and that officer Roane was acting within the scope of her employment for the Florida Department of Law Enforcement.

As Rule 8(d)(2) of the Federal Rules of Civil Procedure allows, the Plaintiff asserts two or more alternative statements of claims against Defendant Minton within the same count (Count One) as well as an alternative statement of claim in a separate count (Count Nine). Count One asserts a claim against all the Defendants, including Defendant Minton, pursuant to Florida's Wrongful Death Act, section 768.16, Florida Statutes. This statute authorizes an action when death is caused by either a "wrongful act" or "negligence." *Johnson v. Crosby*, No. 5:06cv92-RS-MD, 2006 U.S. Dist. LEXIS 74213, at * 37 (N.D. Fla. Oct. 12, 2006) (citing FLA. STAT. § 768.19). More specifically, Count One asserts that Defendant Minton is personally liable for negligently firing his taser at Samuel Hair two times and for failing to summon medical assistance

after Mr. Hair collapsed. Alternatively, Count One asserts that Defendant Minton's employer, Lawnwood Hospital, is vicariously liable for Defendant Minton's actions (D.E. No. 1-2 at 9, ¶ 63), or that the City of Fort Pierce, is vicariously liable for Defendant's Minton's actions because he was acting within the scope of his employment as a City police officer. (*Id*. at 9, ¶ 62).

Alternatively, Count Nine asserts a common law negligence claim against Defendant Minton as an employee/agent of Lawnwood Hospital, along with Defendants Roane and Toombs. More specifically, the Plaintiff asserts that these officers owed a duty to keep Samuel Hair and all members of the community who presented themselves for mental health treatment at Lawnwood Hospital safe from harm within the confines of the hospital. However, the Plaintiff asserts that Defendant Minton breached this duty by misusing his taser and by failing to obtain medical help for Samuel Hair after he collapsed.

The Plaintiff also asserts two more alternative statements of claims against Defendant Minton pursuant to 42 U.S. C. § 1983. In Count Two, the Plaintiff alleges that Defendant Minton repeatedly stunned Samuel Hair with a taser, using excessive force on someone who was not resisting arrest, and that Defendant Minton was not acting within his discretionary authority when he did so. Additionally, the Plaintiff alleges in Count Three that Defendant Minton displayed deliberate indifference to Samuel Hair's need for medical assistance by failing to summon medical help after Mr. Hair collapsed upon being stunned with a taser twice.

Defendant Minton argues that Counts One and Nine of the Plaintiff's Complaint should be dismissed because he cannot be held personally liable for any negligent acts that he may have committed while acting in the scope of his employment for a state agency such as the City of Fort Pierce Police Department (D.E. No. 13 at 2). He cites to section 768.28(9)(a), Florida Statutes,

which provides that

> No officer, employee or agent of the state . . . shall be held personally liable in tort or named as a party defendant for any injury or damages suffered as a result of any act . . . in the scope of her or his employment or function, unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property . . . the exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions shall be by action against the governmental entity. . .

Fla. Stat. § 768.28(9)(a) (2007). Thus, Defendant Minton argues that the Plaintiff must name the City of Fort Pierce and not its individual police officers in a tort claim that is predicated on the negligent actions of one of the City's police officers. Additionally, Defendant Minton asserts that Florida law does not recognize a cause of action for negligent use of excessive force. (D.E. No. 13 at 3) (citing *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996)). In view of these deficiencies, Defendant Minton moves the Court to dismiss the claims against him in Counts One and Nine of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Plaintiff argues that Defendant Minton has mischaracterized Count One as a claim for negligent use of excessive force. (D.E. No. 27 at 7-9). The Plaintiff maintains that she can assert a claim for negligence against Defendant Minton in conjunction with a claim for excessive force against officers Minton provided that the negligence concerns actions that are distinct from those exercised in the course of an arrest. (*Id*. at 8) (citing *Sanders*, 672 So.2d at 48). Additionally, the Plaintiff asserts that Count Nine does not allege a common law negligence against Defendant Minton in his capacity as an officer of the City of Fort Pierce Police Department, but in his individual capacity as an employee or agent of Lawnwood Hospital. (*Id*. at 9). Thus, the Plaintiff argues that section 768.(9)(a), Florida Statutes does not bar this claim.

In reviewing a motion to dismiss, the Court must "accept all the factual allegations in the complaint as true and . . . evaluate all inferences derived from those facts in the light most favorable to the plaintiff." *Scheirich v. Town of Hillsboro Beach*, No. 07-61630-CIV, 2008 U.S. Dist. LEXIS 4090, at *6 (S.D. Fla., Jan. 18, 2008). Notice pleading under Federal Rule of Civil Procedure 8(a)(2) requires only that the pleadings provide a "short and plain statement of the claim" sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied." *Johnson v. Crosby*, No. 5:06cv92-RS-MD ,2006 U.S. Dist. LEXIS 74213, at *8 (N.D. Fla. Oct. 12, 2006).

After examining the Complaint, the Court finds that Defendant Minton's Motion to Dismiss should be granted in part and denied in part. Count One states a cause of action for negligent wrongful death against all the Defendants, and alleges that the City should be held liable for the negligent actions of its officers Minton and Toombs pursuant to the doctrine of *respondeat superior*. Those negligent actions include officer Minton's decision to repeatedly use the taser on Mr. Hair, officer Toombs' failure to intervene, and the failure of both officers to summon medical assistance for Mr. Hair after he collapsed. Count One also argues, in the alternative, that these officers are personally liable for their negligent acts.

Clearly, this argument is inconsistent with the theory that the City could be vicariously liable for the officer's actions, unless the officers were acting in bad faith or with malicious purpose or in wanton and willful disregard of life, safety or property. And, section § 768.28(9)(a), Florida Statutes

provides that the "exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions shall be by action against the governmental entity. . . ."  Accordingly, to the extent that the Plaintiff seeks to assert a wrongful death claim based upon the negligent actions of two City police officers, it must pursue that claim against the City, not the individual officers and make this fact clear by pleading the claim in a separate count.[1]

Because Federal Rule of Civil Procedure 8(d)(2) does allow the Plaintiff to set out two or more alternative statements of a claim, however.  Therefore, the Plaintiff can plead, as she has in Count One, that Defendant Minton was acting within the scope of his employment for Lawnwood Hospital, a private employer, at the time that this incident occurred or that he was acting outside the scope of his employment for Lawnwood Hospital and is personally liable.  Although these arguments are inconsistent, Rule 8(d)(3) provides that a party may state as many separate claims or defenses as it has "regardless of consistency." Fed. R. Civ. P. 8(d)(3).  Thus, to the extent that the Plaintiff names Defendant Minton as an employee or agent of Lawnwood, she can assert a wrongful death claim against him as an individual or assert a claim against his employer within the same count.

Additionally, Florida law does allow a plaintiff to assert a negligence claim against a city's police officers/agents and a separate excessive force claim against the officers themselves where the negligence claim concerns something other than the actual application of force during the course of an arrest.  *See Sanders*, 672 So.2d at 48;  *see also Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1263-1264 (11th Cir. Fla. 2001) (finding that a negligence claim against two police officers who shot

---

[1] Although Federal Rule of Civil Procedure 8(d)(2) allows the Plaintiff to set out two or more alternative or hypothetical statements of a claim in a single count, including a wrongful death claim against the City in the same count as a claim against Defendant Minton individually is not tenable.

an individual while he was sitting in his car was distinct from a claim for excessive force where the negligence claim asserted that the officers acted negligently in using their firearms).

Examining Count One in light of this standard, the Court finds that the wrongful death claim against the City, which is predicated on the negligent actions of Defendant Minton and his co-Defendant Toombs does indeed concern something other than the actual application of force during the course of arrest. Florida law does not bar the Plaintiff from asserting a wrongful death claim against the City based upon actions that officers Minton and Toombs undertook while acting in the scope of their employment for the City, although the Plaintiff cannot assert the same claim against these officers in their individual capacity.

Similarly, Florida law does not bar the Plaintiff from asserting a common law negligence claim against Defendant Minton in conjunction with a separate claim for use of excessive force. Count Nine does not allege that Defendant Minton negligently used excessive force or that he acted as an officer of a state agency or a subdivision of the state. (*Id*. at 19, ¶¶ 120-121). The Plaintiff frames this Count as a claim against Defendant Minton in his capacity as an employee/agent of Lawnwood Hospital. (*Id*. at 19, ¶¶ 120-121). Accordingly, section 768.29(9)(a), Florida Statutes isn't applicable here because the cause of action does not allege that the Defendant Minton was acting within the scope of his employment for a state agency when he committed the negligent acts that resulted in injury to Samuel Hair. In light of the foregoing, it is hereby:

**ORDERED and ADJUDGED** that

1. Defendant Edward Minton's Motion to Dismiss Counts One and Nine of Plaintiff's Complaint **(D.E. No. 13)** is **GRANTED in part** and **DENIED in part**. It is also GRANTED to the extent that the Plaintiff seeks to assert in Count One a negligence claim against both the City police

officers/agents in their individual capacities and the City pursuant to section 768.16, Florida Statutes. It is DENIED to the extent that the Defendant asks the Court to dismiss the Plaintiff's common law negligence claim against the Defendant in Count Nine of the Complaint.

2. The Plaintiff shall have leave to file an Amended Complaint by July 16, 2008 that conforms to this Order.

3. Within 10 days of the date that the Plaintiff files an Amended Complaint, Defendant Minton shall file a response to the Amended Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of July, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record