UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  08-14128-CIV-MARTINEZ-LYNCH

MARY HAIR, as Putative Personal
Representative for the Estate of SAMUEL
HAIR, deceased,

    Plaintiff,

vs.

LAWNWOOD MEDICAL CENTER, INC., a
Tennessee Corporation d/b/a LAWNWOOD
REGIONAL MEDICAL CENTER AND
HEART INSTITUTE, THE CITY OF FORT
PERCE, TAMMY ROANE, DWIGHT
TOOMBS, EDWARD MINTON and MARIO
GONZALEZ,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

This cause came before the Court upon the Plaintiff's Motion for Remand **(D.E. No. 32)**. The Plaintiff asserts three separate grounds for remanding this action to state court: 1) that the non-removing Defendants failed to consent to removal within 30 days of service of the Complaint, violating what is known as the "rule of unanimity;" 2) that Defendant Lawnwood Medical Center, Inc. continued to litigate this action in state court after the Notice of Removal was filed, thereby waiving its right to consent to removal; and 3) that issues of state law predominate over issues of federal law.  The Defendants have filed responses in opposition to the motion (D.E. Nos. 40, 41, 42 and 43) and the Plaintiff has filed a reply in support of her motion (D.E. No. 46).  Accordingly, the motion is fully briefed and ripe for review.  After examining the record, this Court finds that the Plaintiff's Motion for Remand should be denied.

Relevant Facts and Procedural History

On February 19, 2008, the Plaintiff filed a wrongful death suit in the Circuit Court for the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, acting in her capacity as personal representative for the estate of her deceased father Samuel Hair. Briefly summarized, the lawsuit asserts that Samuel Hair died after he was stunned with a taser while attempting to seek mental health services at Lawnwood Hospital. The Plaintiff names Lawnwood Medical Center, Inc. ("Lawnwood" or "Defendant Lawnwood"), its intake officer, Mario Gonzalez, its security officers Tammy Roane, Edward Minton and Dwight Toombs, and the City of Fort Pierce Police Department as Defendants in this action.

In greater detail, the Plaintiff's claims are as follows. On the evening of February 21, 2008, a Fort Pierce police officer escorted Samuel Hair to Lawnwood after Mr. Hair called the Fort Pierce Police Department to advise them that he wanted to voluntarily commit himself for mental health treatment. The officer reportedly informed Mr. Hair that Lawnwood would conduct an initial evaluation before referring him for treatment. However, the Plaintiff asserts that Lawnwood's intake officer, Mario Gonzalez, negligently declined to admit Mr. Hair, setting a chain of events in motion that would lead to her father's death shortly thereafter. More specifically, the Plaintiff alleges that after Defendant Gonzalez declined to admit her father Defendant Gonzalez ordered the hospital's security officers, Defendants Roane and Minton, to remove him from the premises.

When Mr. Hair objected and advised the officers that he was seeking medical services, Defendant Minton allegedly stunned him with a taser, even though the Plaintiff asserts that her father was unarmed and not threatening anyone. Nevertheless, the Plaintiff contends that neither Defendant Roane, nor Defendant Toombs, who arrived on the scene just as Mr. Hair was being

subdued, made any attempt to stop Defendant Minton from employing the taser.

The Plaintiff also asserts that her father advised Defendant Minton and the other officers that he had a pacemaker in place and begged them not to use the taser on him. Notwithstanding Mr. Hair's pleas and the fact that he was already lying prone on the ground, Defendant Minton allegedly applied the taser to Mr. Hair a second time, thereby violating the constitutional prohibition against the use of excessive force. According to the Plaintiff, Defendants Roane and Toombs once again neglected to intervene and stop their co-worker. At this point, the Plaintiff alleges that her father went into cardiac arrest. Rather than summon medical help, however, the Plaintiff contends that the officers simply placed her father on a gurney and hustled the gurney outside the hospital. Shortly thereafter, the Plaintiff alleges that the Fort Pierce police officer who delivered her father to Lawnwood returned and found him lying unattended on a gurney outside the hospital. Although the officer summoned medical help, the Plaintiff reports that all efforts to revive her father proved unsuccessful and he died.

Accordingly, on February 19, 2008, the Plaintiff filed a thirteen-count Complaint against the Defendants, seeking compensatory and punitive damages for her father's wrongful death, along with attorney's fees and costs. Briefly summarized, the Complaint asserts the following claims: a wrongful death claim against all Defendants pursuant to Florida's Wrongful Death Act, section 728.16, Florida Statutes (Count I); a federal civil rights claim against Defendants Minton, Roane and Toombs for use of excessive force in violation of the Fourth and Fourteenth Amendments (Counts II, IV and VI, respectively); a federal civil rights claim against Defendants Minton, Roane and Toombs for reckless indifference in violation of the Fourteenth Amendment (Counts III, V and VII respectively); a common law negligence claim against Defendant Gonzalez (Count VIII); a common law negligence claim against Defendants Minton, Roane and Toombs

(Count IX); a negligence claim against Defendant Lawnwood based upon vicarious liability for the acts of its employees (Count X); and a federal civil rights claim against the City of Fort Pierce for negligent failure to train its officers in the proper use of a taser (Count XI); a negligent hiring, training and supervision claim against the City of Fort Pierce (Count XII); and a negligent training, hiring and supervision claim against Defendant Lawnwood (Count XIII).

While the allegations underlying some of these claims are inconsistent with the allegations in others, Rule 8(d)(2) of the Federal Rules of Civil Procedure allows a party to set out two or more alternative statements of a claim in a single count or in separate ones. Thus, the claims asserted in Counts I, IX, X and XIII are predicated on the allegation that Defendants Roane, Minton and Toombs, were working for Lawnwood at the time of this incident, and moonlighting from their positions as state and local law enforcement officers. However, in Counts II-VII and XI-XII, the Plaintiff argues in the alternative that Defendants Minton and Toombs were acting in their capacity as officers for the City of Fort Pierce Police Department at the time of the incident. Likewise, the Plaintiff asserts in Count I that Defendant Lawnwood is vicariously liable for the actions of officers Minton and Toombs, or in the alternative that Defendant City of Fort Pierce is.

On March 13, 2008, the Plaintiff served a copy of the Complaint on Defendants Lawnwood (D.E. No. 32, Ex A), Roane (D.E. No. 32-3), and Toombs (D.E. No. 32-4). On April 1, 2008, the Plaintiff served Defendant Minton (D.E. No. 32-5), and on April 4, 2008, the Plaintiff served Defendant City (D.E. No. 32-6). However, to date, the Plaintiff has failed to effect service upon the Defendant Mario Gonzalez.

On April 14, 2008, Defendant Roane removed the case to federal court pursuant to 28 U.S.C. § 1441, noting that many of the Plaintiff's claims for relief stated a cause of action under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983. (D.E. No. 1). Two days later, on

April 16, 2008, the Court entered a Notice of Court Practice in Removal Cases (D.E. No. 4). The Notice directed Defendant Roane to file a Status Report within thirty days and to include therein,"a brief statement by each Defendant explaining whether or not each has joined the Notice of Removal." (*Id*. at 2).

Defendants Minton and City of Fort Pierce filed a Consent to Removal on April 21, 2008. (D.E. No. 8). Defendant Toombs followed suit the next day, filing a Notice of Joinder in and Consent to Removal on April 22, 2008. (D.E. No. 14). However, rather than consent to removal as its co-Defendants had done, Defendant Lawnwood filed a motion in state court to dismiss the case on April 22, 2008. (D.E. No. 32-7). Then, on April 29, 2008, Defendant Lawnwood filed a Notice of Production from Non-Party in state court, advising that it intended to apply for a subpoena *duces tecum* without deposition to get Mr. Hair's death records from the Medical Examiner Department. (D.E. No. 32-8). On May 5, 2008, Defendant Lawnwood filed a motion in federal court to remand the case, arguing that it had not consented to removal and that this fact meant the so-called "rule of unanimity," which holds that all defendants must consent to removal, was violated. (D.E. No. 22). However, two days later, on May 7, 2008, Defendant Lawnwood filed a Notice of Withdrawing Motion to Remand and consented to removal. (D.E. No. 28). Thus, by this point, a little over a week before the deadline for filing the Removal Status Report would expire, all of the Defendants who had made an appearance in the case had formally consented to removal.

Nevertheless, on May 9, 2008, the Plaintiff filed a Motion to Remand (D.E. No. 32), arguing that: (1) the non-removing Defendants had failed to consent to removal within 30 days of service of the Complaint, thereby violating the rule of unanimity; (2) Defendant Lawnwood Hospital had continued to litigate this action in state court after the Notice of Removal was filed,

thereby waiving its right to removal; and (3) issues of state law predominate over issues of federal law.

The record indicates that Defendant Roane filed a timely Removal Status Report (D.E. No. 36) on May 15, 2008. As the Court had requested, Defendant Roane included a brief statement in the Status Report as to whether each of her co-Defendants had joined in the Notice of Removal. (D.E. No. 36 at 3, ¶ 4(a)-(d)). The Report explained that Defendants Minton and City had filed a Consent to Removal on April 21, 2008, and that Defendant Toombs had filed a Notice of Joinder in and Consent to Removal on April 22, 2008. *See* (D.E. Nos. 8 and 14). The Report also noted that Lawnwood had withdrawn a Notice of Remand, which it had previously filed in the case, and consented to joinder in the case and removal on May 7, 2008. *See* (D.E. No. 28). Accordingly, the Report advised that the only Defendant who had not consented to removal was Defendant Gonzalez, who had yet to be served with a copy of the Complaint or make an appearance in the case. (D.E. No. 36 at 3, ¶ 4(d)).

Legal Standard

In general, the removal statute, Title 28 of the United States Code, Section 1441 *et seq*., provides that a civil cause of action filed in State court is only removable if the cause could originally have been brought in federal court.[1] 28 U.S.C. § 1441(a). Accordingly, two types of actions qualify for removal; actions that are founded on "claims or rights arising under the Constitution, laws, or treaties of the United States," and actions that involve parties who are of diverse citizenship, provided that none of the defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b). Title 28, United States Code, Section 1446 outlines the

---

[1] The statute applies to any civil action filed in a state court in which the district courts of the United States have original jurisdiction, however, there is a caveat, which reads "except as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a).

procedure for removing an action.  In pertinent part, it states that: "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant. . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction.  28 U.S.C. § 1447(c); *see also Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993).  If a district court finds that it lacks subject matter jurisdiction in a removal case, remand is mandatory under section 1447(c); however, remand on the basis of any other defect than lack of subject matter jurisdiction is left to the court's discretion. 28 U.S.C. § 1447(c).  Failure to consent to removal constitutes a procedural defect.  *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (noting that the "failure of all the defendants to join in a removal petition is not a jurisdictional defect" and that such defect can be waived by a plaintiff); *see also Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived. Failure to object to defects constitutes waiver and may preclude a party from seeking remand to state court.") (citations omitted), abrogated on other grounds by *Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc.*, 122 F.3d 930, 933, (11th Cir. 1997).

Because the plaintiff is considered to be "the master of his own claim," however, any uncertainties regarding federal jurisdiction following removal should be resolved in favor of remand.  *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Additionally, given that federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction.  *Id*.  And, because removal jurisdiction implicates federalism concerns, courts construe removal statutes narrowly.  *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1341 (S.D.

Tex. 1995); *see also Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Analysis:

A.  Whether Defendant Lawnwood Timely Consented to Removal

The Plaintiff contends that the cause of action must be remanded for failure to comply with the rule of unanimity, which applies in removal cases that involve multiple defendants such as this one.  Basically stated, the rule holds that all named defendants must consent to the petition for removal.  *Russell Corp.*, 264 F.3d at 1044.  The rationale behind this rule seems to be to prevent a defendant from severing an action which a plaintiff elects to make joint, and thereby forcing the plaintiff to litigate an action in two different courts.  *Collings v. E-Z Serve Convenience Stores*, 936 F. Supp. 892, 894 (N.D. Fla. 1996); *see also Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900) (noting that "[a] defendant has no right to say that an action shall be several which a plaintiff elects to make joint").

However, while federal courts agree that there must be unanimous consent to removal, not all district courts agree as to how or when consent must be provided.  *See Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1359 (S.D. Fla. 2000) (noting that some courts have required that all defendants join in removal by signing the removal notice at the time it is filed whereas others have only required that they take binding action to indicate their consent).[2]

---

[2] The *Engle* court cites several examples of discordant holdings on this issue.  *See e.g., Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995) (stating "to effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)"); *Jasper v. Wal-Mart Stores*, 732 F. Supp. 104, 105 (M.D. Fla. 1990) (noting "all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants"); *Crawford v. Fargo Mfg. Co.*, 341 F. Supp. 762, 763 (M.D. Fla. 1972) (noting "there is authority to the effect that all defendants need not sign the original removal petition . . . however, it is clear that all defendants who have been served must join in the petition for removal") (citations omitted).  Acknowledging that the formulations for demonstrating consent to removal vary, the *Engle* court notes that where "all the defendants have taken binding action manifesting their consent, courts have found present the requisite joinder and consent."

The Eleventh Circuit has not addressed this issue directly and that undoubtedly reflects its recognition of the fact that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)"). *In re Ocean Marine Mut. Prot. and Indem. Ass'n*, 3 F.3d 353, 355 (11th Cir. 1993).

The Plaintiff argues that all defendants must consent to removal within the 30-day period prescribed for filing a notice of removal under section 1446(b), which begins to run on the date that service of the Complaint is effected. (D.E. No. 32 at 9). Because Defendants Lawnwood and Toombs did not consent to removal within 30 days of being served, the Plaintiff asserts that they waived their right to consent or join in removal. However, as the Court reads the time limitation described in section 1446(b), it only applies to the process of filing for removal, not to the process of joining in or consenting to removal. Nothing in section 1446(b) prohibits a defendant who has waived the right to initiate removal from joining in a removal petition filed by a co-defendant. *Collins v. E-Z Serve Convenience Stores, Inc.*, 936 F. Supp. 892, 894 (N.D. Fla 1996).

Moreover, this Court cannot say that Defendants Toombs and Lawnwood's consent to removal was untimely when their notices of consent fully conformed to the requirements in the Court's Notice on Practice in Removal Cases. (D.E. No. 4 at 2). That Notice directed counsel for the removing Defendant to file a Removal Status Report by May 15, 2008, containing, *inter alia*, "a brief statement by each Defendant explaining whether or not each has joined the notice of removal." (D.E. No. 4 at 2). The record shows that Defendant Roane filed a timely Removal

---

*Engle*, 122 F. Supp. 2d 1355, 1360 (citing *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)). See also *Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers, Inc. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984), where the court noted that, in removal cases involving multiple defendants, the joinder requirement of section 1446 is satisfied if all non-removing defendants timely file their own removal petitions or their joinder in or consent to the removing defendant's petition.

Status Report on May 15, 2008, which reported that all the named Defendants, with the exception of Defendant Gonzalez, who had yet to be served or make an appearance in the case, had filed notices consenting to removal. (D.E. No. 36 at 3, ¶ 4). It is undisputed that Defendant Toombs and Lawnwood consented to Defendant Roane's Notice of Removal within 30 days of the date that they received that Notice. The Court finds that such consent was timely and does not violate the rule of unanimity.[3]

### B. Whether Continued Litigation in State Court Constitutes a Waiver of Removal

The Plaintiff also argues that Defendant Lawnwood waived the right to removal by continuing to litigate the case in state court after Defendant Roane filed her Notice of Removal. (D.E. No. 32 at 11-12). In support of this argument, the Plaintiff notes that Defendant Lawnwood filed a motion to dismiss in state court on April 22, 2008 (D.E. No. 32-7), nearly one week after Defendant Roane filed her Notice of Removal. Then, on April 29, 2008, Defendant Lawnwood filed a Notice of Production from Non-Party in state court, advising that it would subpoena the medical examiner's records on Mr. Hair's death. (D.E. No. 32-8). Finally, on May 5, 2008, Defendant Lawnwood filed a motion to remand the case in federal court. Defendant Lawnwood argued that removal was procedurally improper because it had not consented to removal at the time Defendant Roane filed her Notice of Removal. (*Id*.). Although Defendant Lawnwood eventually consented to removal two days after it filed its motion to remand, the Plaintiff asserts that Defendant Lawnwood had already waived its right to removal at this point.

The Eleventh Circuit has stated that "a state court defendant may lose or waive the right

---

[3]The Court is not alone in reading the rule of unanimity this way. *See Miami Herald Pub. Co.,* 606 F. Supp. at 124 (citing *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 828 (S.D.Tex.1981)) (". . . it is well established that 'the joinder requirement of section 1446 is satisfied where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinder in or consents to the original petition.'").

to remove a case to federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal . . . ." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citing Wright and Miller).

However, the Eleventh Circuit has cautioned that "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Yusefzadeh*, 365 F. 3d at 1246 (quoting *Hill v. State Farm Mutual Automobile Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999). Indeed, the Eleventh Circuit has held that Defendant does not waive his right to remove a lawsuit in district court by filing a motion to dismiss unless he takes additional steps to have the state court act on the motion such as moving the state court to hold a hearing on his motion. *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004). In this same vein, another court in this district has cautioned that: " 'the defendant's intent (to waive) must be clear and unequivocal. Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits.' " *Miami Herald Pub. Co.*, 606 F. Supp. at 124 (quoting *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 738 (E.D. Ky. 1981) (internal citations omitted)). Although Defendant Lawnwood filed a motion to dismiss after Defendant Roane filed for removal, it did not take any additional steps to have the state court rule on the motion and the state court did not adjudicate the merits of the motion. Thus, the question is whether Defendant Lawnwood's continuing participation in the state discovery process and its motion for remand in the federal court constitute substantial offensive or defensive action.

The Court concludes that Defendant Lawnwood's discovery notice does not constitute a substantial defensive action. This conclusion is supported by the decision in *Bolden v. Healthspring of Ala., Inc.*, No. 07-0413, 2007 WL 4403588 (S.D. Ala. Oct 02, 2007), where a

-11-

plaintiff argued that a defendant had waived his right to removal by filing twenty-one separate discovery notices. *Id.* at 1. Applying the *Yusefzadeh* standard, the *Bolden* court found that the filing of deposition notices was "the sort of action that should be expected to occur, even if a defendant has not yet decided whether to remove a case or even determined that it could be removed." *Id.* Although the *Bolden* court ultimately remanded the claim for lack of jurisdiction, *id.* at 10, the court determined that filing deposition notices, even with extensive additional discovery attached, does not constitute substantial defensive action. *Id.* at 1. Analogizing the instant case to the *Bolden* case, this Court finds that Defendant Lawnwood's efforts to notice a subpoena *duces tecum* from a non-party without deposition does not constitute a substantial defensive action.

     Nevertheless, the fact remains that Defendant Lawnwood also filed a motion to remand the case to state court after Defendant Roane filed for removal. On its face, a motion to remand would seem to constitute a substantial defensive action. However, examining Defendant Lawnwood's motion to remand in greater detail, the Court finds that it is predicated on a perceived procedural defect in the removal process. Defendant Lawnwood does not attempt to argue that removal was improper because the court lacks subject matter jurisdiction over the Plaintiff's claims or that issues of state law predominate over the federal claims. Instead, Defendant Lawnwood asserts that removal is procedurally defective because it had not formally consented to removal at the time Defendant Roane filed her Notice of Removal (D.E. No. 23 at 2, ¶ 5). However, Defendant Lawnwood is careful to note that this defect is not jurisdictional and may be waived if a Defendant fails to object to defects in the removal process. *Id*. (citing *Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003)). Finally, Defendant Lawnwood notes that removal for procedural defects is not mandatory under 28 U.S.C. §

1447(c), but is left to the discretion of the court.

Viewing Defendant Lawnwood's motion to remand in context, the Court cannot say that the Defendant expressed an unequivocal intent to litigate this action in the state forum. Indeed, the record indicates that after Defendant Lawnwood considered the matter in more detail, it withdrew the motion to remand and consented to removal. (D.E. No. 28). Because Defendant Lawnwood withdrew its motion to remand just two days after it filed the motion and the motion was predicated on a perceived procedural defect, not on a jurisdictional ground, this Court finds that the motion to remand did not clearly constitute a substantial defensive action. Thus, none of the actions that Defendant Lawnwood took in state court after Defendant Roane filed her Notice of removal are sufficient in and of themselves to waive Defendant Lawnwood's right to consent to removal. Additionally, the Court finds that even when these actions are viewed in combination, the Court cannot say that the Defendant waived its right to consent to removal, particularly given that its motion to remand was not framed in peremptory terms and it was withdrawn in short order.

### C.   Whether Issues of State Law Predominate over Plaintiff's Federal Claims

The Plaintiff's third and final argument for remand is that issues of state law predominate over issues of federal law. Under the removal statute, district courts have the discretion to remand matters in which State law predominates. The pertinent part of the removal statute provides that

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Accordingly, because the Plaintiff's Complaint alleges constitutional violations over which this court has original jurisdiction conferred by 28 U.S.C. § 1331, and otherwise non-removable claims, this Court, may determine all the issues before it, or it may remand all matters in which State law predominates to state court.

The Plaintiff asserts that state negligence claims form the crux of this action and she insists that if not for Defendant Lawnwood's negligence in allowing an employee to eject Mr. Hair, who was seeking admission to the hospital under the Baker Act, the federal civil rights violations would never have taken place. Moreover, the Plaintiff asserts that "[o]nly after negligence questions are answered will the question of violations of federal law be reached." (D.E. No. 32 at 15).

After examining the Plaintiff's Complaint, the Court cannot say that issues of state law predominate over federal claims. If the Court were to count the number of claims that allege a state cause of action for negligence as opposed to those that allege federal civil rights claims, the federal claims would predominate numerically, but only by one count. The Complaint includes six separate counts that sound in negligence (Counts I, VIII, IX, X, XII, and XIII) and seven separate counts that allege federal civil rights violations (Counts II, III, IV, V, VI, VII and XI).

However, the sheer number of federal claims or state claims is not controlling as many of the claims are clearly inconsistent with others and have been pleaded in the alternative. Discovery will reveal which of these claims can be maintained, but at this stage of the proceedings, the Court is not able to say that the state law claims predominate over the federal claims or vice versa. Additionally, the Court disagrees with Plaintiff's assertion that the Court will not be able to reach question of whether federal law was violated until it resolves negligence questions. The state and

federal claims are by no means mutually exclusive. In light of the foregoing, it is:

**ORDERED and ADJUDGED** that

Plaintiff's Motion for Remand **(D.E. No. 32)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of June, 2008.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record