UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  08-14128-CIV-MARTINEZ-LYNCH

MARY HAIR, as Putative Personal
Representative for the Estate of SAMUEL
HAIR, deceased,

    Plaintiff,

vs.

LAWNWOOD MEDICAL CENTER, INC., a
Tennessee Corporation d/b/a LAWNWOOD
REGIONAL MEDICAL CENTER AND
HEART INSTITUTE, THE CITY OF FORT
PERCE, TAMMY ROANE, DWIGHT
TOOMBS, EDWARD MINTON and MARIO
GONZALEZ,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' JOINT MOTION TO STRIKE AMENDED COMPLAINT

    This cause came before the Court upon the Defendants' Joint Motion to Strike the Plaintiff's Amended Complaint **(D.E. No. 58)**.  The Defendants assert that the Amended Complaint is untimely.  According to the record, the Court granted the Plaintiff leave to amend her Complaint on July 2, 2008 to correct certain problems with some of the allegations asserted under Count I.[1]  (D.E. Nos. 56 and 57).  The Court directed the Plaintiff to file the amended

---

[1] Count I of the original Complaint alleged a wrongful death claim against each of the Defendants.  (D.E. No. 1-2 at 8).  The Plaintiff alleged that Defendants Minton and Toombs were acting as police officers for the City of Fort Pierce at the time of this cause of action arose and named both the City and its individual officers in her wrongful death claim.  (*Id*.).  The Plaintiff also alleged, in the alternative, that Defendants Minton and Toombs were moonlighting from their City jobs at the time the cause of action arose, and were serving as private security guards for Lawnwood Medical Center, Inc. ("Lawnwood").  (*Id*. at 9).  Defendants City of Fort Pierce and Edward Minton filed separate motions to dismiss Count I, arguing that section 768.28(9)(a), Florida Statutes, does not allow plaintiffs to pursue claims against individual City employees for injuries arising out of the employees' actions.  *See* (D.E. Nos. 12 and 13).  Because section 768.28(9)(a) of the Florida Statutes provides that the exclusive remedy for such claims is an action against the governmental employer, the Court granted the Defendants' motions to dismiss in part, advising the Plaintiff that she could not maintain separate claims for wrongful death against both the City of

pleading by July 16, 2008.  (*Id*.).  However, the record shows that the Plaintiff did not file her Amended Complaint until July 24, 2008 and she did not file an accompanying motion for an enlargement of time pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.  (D.E. No. 58).  The Defendants assert that they will be prejudiced if the Court accepts the untimely amendment "as it gives new life to claims that had been dismissed" and they ask the Court to strike the Amended Complaint.  (D.E. No. 61 at 4).  They also assert that the Plaintiff should not be rewarded for failing to comply with the Court's Orders, and note that she has not offered any reasons for her delayed filing.  (*Id*. at 4-5).  Additionally, they note that the Plaintiff has exhibited a pattern and practice of delay, filing her initial Rule 26 disclosures several weeks after the deadline set by the parties and failing to respond to written discovery requests.  (*Id*. at 3-4).

       The Plaintiff responds by asserting that the delay in filing the Amended Complaint was the result of a calendering error by her counsel, who inadvertently marked his incoming email notices of the Court's Orders at docket entries 56 and 57 as having been "read." (D.E. No. 67 at ¶ 3).  Moreover, the Plaintiff explains that her counsel had retained a new paralegal shortly before the error occurred and had yet to modify his email settings to ensure that the new staffer received backup alerts of electronic filings from the Court.  (*Id*. at 4).  Thus, no one else in the counsel's office noticed the error.  Accordingly, the Plaintiff asks the Court to excuse the delayed filing as it was not done in bad faith and moves for an extension of time to file her Amended Complaint after the deadline imposed by the Court.  (*Id*. at ¶¶ 2-4).  She asserts that striking the Amended Complaint would be a drastic measure given that the filing was only 8 days late.  (*Id*. at ¶ 6).  Additionally, the Plaintiff argues that the brief delay does not prejudice the Defendants because

---

Fort Pierce and its employees.  (D.E. Nos. 56 at 5, and 57 at 6).  However, the Court noted that the Plaintiff could maintain a separate wrongful death claim against both Defendant Minton and Toombs under the alternative theory that they were serving as employees of Lawnwood at the time the cause of action arose.  (*Id*.).

that the amended pleading does not assert any new claims and only corrects or clarifies claims that were included in the original Complaint. (*Id*. at ¶ 7).

The Defendants reply brief was due by August 20, 2008, but to date, only one Defendant, Dwight Toombs, has responded to the Plaintiff's motion for an extension of time to file the Amended Complaint. (D.E. No. 68). Defendant Toombs argues that the Plaintiff has failed to establish good cause for an extension or excusable neglect. (*Id*.). He notes that the Plaintiff has failed to explain why her co-counsel, Mark Miller, also overlooked notices of the filing deadline, given that he has been listed on the Plaintiff's filings since the inception of the case. (*Id.* at 4). Defendant Toombs attaches copies of email notices from the Court's electronic docketing system which list Mr. Miller as someone who will receive notice of filings, albeit it by other means than email. (D.E. No. 68-2 at 2, 4). The Defendant also asserts that his counsel repeatedly advised both of the Plaintiff's attorneys that the Amended Complaint was untimely when she attempted to confer with Plaintiff's counsel prior to filing the instant motion. (D.E. No. 68 at 5). Finally, the Defendant advises the Court that the Plaintiff failed to confer with his counsel prior to requesting an extension as Local Rule 7.1(A)(3) of the United States District Court for the Southern District of Florida requires. (*Id*. at 5-6). Thus, he asserts that the motion for an extension of time to file the Amended Complaint is procedurally deficient and should be denied. (*Id*. at 6).

Legal Standards

Pursuant to Federal Rule of Civil Procedure 41(b), if a plaintiff fails to obey an order of the court, a defendant may move the court to dismiss any claim against it or even the entire action. Additionally, as part of its inherent authority, a trial court has the power to dismiss a claim or strike a pleading " to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). However, Federal Rule

of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order or proceeding for a variety of reasons including mistake, inadvertence, surprise or excusable neglect. FED. R. CIV. P. 60(b)(1). The United States Supreme Court has said that excusable neglect encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393-394 (1993).

In determining whether to excuse a party's neglect of a deadline, the Supreme Court advises lower courts to "take account of all relevant circumstances surrounding the party's omission," including such factors as "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395. According to the Eleventh Circuit, the first two factors — absence of prejudice to the nonmoving party and the interest of efficient judicial administration — deserve primary consideration in this analysis. *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996).

## Discussion

Analyzing the instant motion in terms of these standards, the Court finds that the Defendants' joint motion to strike should be denied and the Plaintiff's amended complaint should be accepted as filed. The inadvertent calendering error that the Plaintiff's lead counsel made was clearly negligent and the Court finds that it is excusable. As the Court has noted, the Amended Complaint was filed 8 days after the deadline imposed in the Court's Order. Thus, the Plaintiff's untimely filing did not delay proceedings by much more than a week and the late filing has not impacted the Court's calendar adversely. This case was only set for trial in June and the parties

are still in the early stages of discovery. Although the Defendants assert that they would be prejudiced if the Court allows the Amended Complaint to stand because it would give new life to claims that the Court has dismissed, the Court considers this argument to be frivolous.

The Plaintiff has not asserted any new claims. She has simply pleaded her wrongful death claim against the City of Fort Pierce in a separate count (Count XIV) from her wrongful death claims against the other Defendants and deleted the wrongful death claims against Defendants Minton and Toombs in their capacity as City employees.[2] *See* (D.E. No. 68 at 23-24). This is precisely what the Court advised the Plaintiff that she would need to do if she intended to state a claim against the City of Fort Pierce based upon the tortious actions of its employees Minton and Toombs. *See* (D.E. Nos. 56 at 5; and 57 at 6). Thus, the Defendants should have been able to anticipate how the Plaintiff might amend her complaint since July 2, 2008 when the Court granted the Plaintiff leave to amend her wrongful death claim against the City of Fort Pierce.

Finally, notwithstanding the Defendants' assertions that the Plaintiff has exhibited a pattern and practice of delay with respect to the production of discovery,[3] the Court does not find any evidence that would indicate the Plaintiff delayed filing the Amended Complaint out of bad faith. Nevertheless, the Court cautions both the Plaintiff's lead counsel and co-counsel that they need to follow the Federal Rules of Civil Procedure more carefully in the future and accompany any late filing by a motion for enlargement of time pursuant to Rule 6(b). In light of the foregoing, it is:

---

[2] The Plaintiff has also deleted any requests for punitive damages against the City of Fort Pierce from Counts One and Twelve in keeping with the Court's Orders of July 2, 2008.

[3] If the Defendants find that the Plaintiff is repeatedly withholding discovery, they can file an appropriate motion to compel and move for sanctions.

**ORDERED and ADJUDGED** that

1.  Defendants' Joint Motion to Strike the Plaintiff's Amended Complaint **(D.E. No. 58)** is **DENIED**.

2. Plaintiff's Rule 6(b) Motion for Extension of Time to File Amended Complaint **(D.E. No. 67)**, which is included as part of her Response to Defendants' Joint Motion to Strike, is **GRANTED**.

3.  The Plaintiff's Amended Complaint **(D.E. No. 58)**, which was filed after the Court's filing deadline and without leave of Court on July 24, 2008, is **ACCEPTED** as filed.

4.  The Defendants[4] shall file their Answers to the Plaintiff's Amended Complaint within 10 days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, September 2, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record

---

[4]The Court notes that Defendant Lawnwood also filed a Motion to Dismiss the Amended Complaint (D.E. No. 65) after it filed the instant motion to strike the Amended Complaint with its Co-Defendants.  The Court will address Defendant Lawnwood's Motion to Dismiss the Amended Complaint in a separate order.  Accordingly, this particular Defendant will not have to Answer the Complaint while its motion to dismiss is pending.